**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **DUCHARME SEATING INTERNATIONAL 1991, INC.,** | |
| **Plaintiff,** | **Case No:** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ALGES CORPORATION,** | |
| **Defendant.** | |

## COMPLAINT FOR TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

For its Complaint against Alges Corporation ("Alges"), Plaintiff Ducharme Seating International 1991, Inc. ("Ducharme") alleges:

## NATURE OF THE ACTION

1.     This Complaint seeks injunctive relief and damages for Alges' trade dress infringement of Ducharme's trade dress embodied in its Versatile™ chair pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I); unfair competition (Count II); and a violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §325D.44.

## THE PARTIES

2.     Ducharme is a corporation organized under Canadian law having its principal place of business at 9275 le Royer Street, Montreal, Quebec H1P 3H7.

3.     Ducharme is in the business of designing, manufacturing, and selling custom seating systems, whether fixed or portable, since 1959 throughout Canada and the United States, including in this Judicial District.

4.      Alges, upon information and belief, is a Minnesota corporation having its principal place of business at 7900 International Drive, Suite 300, Bloomington, MN  55425.

5.      Alges is also in the business of designing, manufacturing and selling seating systems throughout Canada and the United States, including in this Judicial District.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Count I of the Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the claim herein involves questions of federal law. This Court also has jurisdiction over Counts II and III under 28 U.S.C. §§ 1338(b) and 1367 because these claims are substantially related to the claims in Count I under the United States trademark laws.

7.      This Court has personal jurisdiction over Alges because it has committed, or is about to commit, tortious acts within the State of Minnesota and/or actions that cause injury in this District, and because Alges regularly conducts business in the State of Minnesota, including this District. Further, this Court's exercise of personal jurisdiction over Alges complies with the Due Process requirements of the United States Constitution and the Minnesota Constitution.

8.      Venue is proper in the District of Minnesota under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

9.      Since approximately 1959, Ducharme has been engaged in the design, manufacture, and sale of seating systems for use in auditoriums, theaters, and other public areas.  During that period of time, Ducharme has sold seating systems throughout the United States and Canada.

10.     In 1994, Ducharme designed and began selling its Versatile™ model seats, and since 1994 has expended substantial amounts of money, time, and effort to acquire, develop,

2

advertise and promote its seats embodying the Versatile™ trade dress in the United States and Canada also under the name and through Wenger Corporation, its client distributor.

11.     Ducharme has cultivated the unique and distinctive appearance of its Versatile™ seats such that consumers and people working in the seating industry are easily able to identify such seats as originating from Ducharme. The unique, iconic and inherently distinctive overall appearance also includes the stanchions in a distinctive "z" pattern, the front and back horizontal bars, and the anchoring plate design. A picture of Ducharme's Versatile™ seat is attached as **Exhibit A**. The overall design of Ducharme's seat is referred to herein as the "Ducharme Versatile™ Trade Dress."

12.     All the features and especially the overall appearance that constitute the Ducharme Versatile™ Trade Dress are nonfunctional, in that they serve a decorative and aesthetic purpose and are not required to exist in this design in order for the seat to be used for its intended purpose. This nonfunctionality is further demonstrated by the existence in the marketplace of numerous seats with completely different designs than the Ducharme Versatile™ Trade Dress.

13.     Ducharme has, long prior to the acts of Alges described in this Complaint, extensively advertised and promoted the Ducharme Versatile™ Trade Dress, as has its distributor Wenger Corporation. As a result of the care and skill exercised by Ducharme, and because of the extensive advertising, promotion, sale and public acceptance of the Ducharme Versatile™ Trade Dress, the Ducharme Versatile™ seat has acquired a fine and valuable reputation. The public recognizes the Ducharme Versatile™ Trade Dress as a source identifier for Ducharme's products exclusively. Accordingly, the Ducharme Versatile™ Trade Dress has acquired secondary meaning.

14.     The identifying appearance of the Ducharme Trade Dress constitutes protectable property of Ducharme.

15.     Ducharme has spent and continues to spend substantial sums of money, time and effort to develop, advertise and promote the Ducharme Versatile™ Trade Dress through, in part, distribution of catalogs and brochures, advertising campaigns, national and international trade shows, and an internet presence.  Such efforts have created and reinforced the association of the Ducharme Versatile™ Trade Dress in the minds of the trade and the consuming public.

16.     Ducharme recently discovered that Alges has been offering for sale seats that are colorable imitations of Ducharme's Versatile™ seats.

17.     Alges displays the seat shown in **Exhibit B** (the "Accused Product") on its website.

18.     The Accused Product copies the look and overall appearance of the Ducharme Versatile™ Trade Dress, including the elements described above, and is confusingly similar thereto.

19.     On information and belief, Alges knew of the Ducharme Versatile™ Trade Dress prior to its promotion of the Accused Product.

20.     On information and belief, Alges deliberately adopted an appearance for its competing Accused Product to trade upon the hard-earned goodwill of Ducharme, and it has deliberately attempted to capitalize on the Ducharme Versatile™ Trade Dress. Accordingly, Alges' infringement is willful and this action is an "exceptional case."

21.     Confusion will be likely to result, and has already resulted, from Alges' conduct unless enjoined by this Court.

22.     Ducharme has been and will continue to be seriously and irreparably injured unless Alges' conduct is enjoined by this Court.

## COUNT I

## TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125

23.     Ducharme realleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

24.     As a first ground for relief, Ducharme hereby charges Alges with false representation and/or false designation of origin under 15 U.S.C. § 1125(a).

25.     Alges has adopted and is using in commerce in connection with the advertising, promotion and sale of the Accused Product, an overall appearance that is intended by Alges to be substantially similar to, and a colorable imitation of, the distinctive Ducharme Versatile™ Trade Dress.  On information and belief, Alges' conduct was intentional.

26.     Alges' unlawful adoption and use, in commerce, of such a colorable imitation of the Ducharme Versatile™ Trade Dress without the authorization of Ducharme is likely to cause confusion, to cause mistake and/or to deceive consumers as to the affiliation, connection or association of Alges with Ducharme or as to the origin, sponsorship or approval of Alges' goods with Ducharme's.

27.     Through the promotion of such a confusingly similar seat, Alges has unlawfully simulated, appropriated and infringed Ducharme's rights and its proprietary trade dress. Such conduct and appropriation constitute a false description or representation of Ducharme's products or a false designation of origin, in violation of 15 U.S.C. § 1125(a).

28.     Alges' conduct and its false representations of genuineness have injured and will injure Ducharme by diversion of Ducharme's goodwill and sales to Alges, and by diminishing and destroying Ducharme's goodwill and reputation. Ducharme seeks damages in such sum as may be proved at the time of trial in a sum equal to that received by Alges and those sums lost by Ducharme as a result of such conduct and actions, in an amount not less than $75,000.

## COUNT II

## COMMON LAW UNFAIR COMPETITION

29.     As a complete and second ground for relief, Ducharme hereby charges Alges with common law unfair competition and realleges and incorporates herein by this reference paragraphs 1 through 22 of this Complaint.

30.     Ducharme alleges that Alges by careful and considered planning, has promoted the Accused Product to consumers through the use of Ducharme Versatile™ Trade Dress so as to confuse and deceive consumers and obtain the acceptance of their goods based on the merit, reputation and goodwill of Ducharme and its high-quality products and services.

31.     Alges' actions constitute oppression, fraud and malice in that they have engaged in activities designed to confuse the public and to divert sales to Alges that would have otherwise been enjoyed by Ducharme.  On information and belief, Alges' actions were intentional.

32.     Ducharme further alleges that Alges has misappropriated and unlawfully exploited the valuable property rights and goodwill of Ducharme and Ducharme's Versatile™ Trade Dress through Alges' use of a confusingly similar trade dress. As a result of such misappropriation, Ducharme has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of Ducharme's Versatile™ Trade Dress, and Alges will be unjustly enriched thereby. Said damages will be in such sum as may be proved at the time of trial, in an amount not less than $75,000.

## COUNT III

## VIOLATION OF MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT

33.     As a complete and third ground for relief, Ducharme hereby charges Alges with violating the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §325D.44, and realleges and incorporates herein by this reference paragraphs 1 through 22 of this Complaint.

34.     Ducharme alleges that Alges unlawfully has simulated and appropriated Ducharme's rights and the Ducharme Versatile™ Trade Dress by promoting the Accused Product. On information and belief, Ducharme alleges that Alges' actions were intentional.

35.     Ducharme further alleges that Alges' acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the proper origin of the Accused Product, in violation of the Minnesota Uniform Deceptive Trade Practices Act. On information and belief, Ducharme alleges that Alges' actions were intentional.

36.     Alges' actions constitute oppression, fraud and malice in that, on information and belief, it has intentionally engaged in activities designed to confuse the public and to divert sales to Alges that would have otherwise been enjoyed by Ducharme.

37.     As a result of Alges' actions and misappropriation of Ducharme's rights, Ducharme has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of the Ducharme Versatile™ Trade Dress, and Alges will be unjustly enriched thereby in such sum as may be proved at the time of trial, in an amount not less than $75,000.

WHEREFORE, Plaintiffs request that this Court enter judgment that Defendant Alges:

A.     infringed Ducharme's rights in the Ducharme Versatile™ Trade Dress and competed unfairly with Ducharme by use of a trade dress confusingly similar to the Ducharme Versatile™ Trade Dress in the use, promotion and sale of the Accused Product;

B.      unfairly competed with Ducharme and has violated the Minnesota Uniform Deceptive Trade Practices Act;

C.      be, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all persons in active concert and participation with it who receive notice, preliminarily and permanently enjoined from:

1.      advertising, marketing, offering for sale or selling the Accused Product utilizing the Ducharme Versatile™ Trade Dress or any trade dress confusingly similar thereto,

2.      unfairly competing with Ducharme, and

3.      causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by Ducharme or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to Ducharme;

D.      be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, seats in its possession bearing a trade dress that is identical or substantially similar to the Ducharme Versatile™ Trade Dress or any reproduction, counterfeit, copy or colorable imitation thereof, and be required to recall all products or packaging bearing a trade dress that is identical or substantially similar to the Ducharme Versatile™ Trade Dress from Alges' customers and refund any money paid for such products to its customers;

E.      account and pay to Ducharme all profits received from the sale of products bearing a trade dress that is identical or confusingly similar to the Ducharme Versatile™ Trade Dress;

F.      pay to Ducharme its actual damages on account of Alges' infringement, unfair competition and false representation, including, but not limited to, the reasonable value of the use of the Ducharme Versatile™ Trade Dress to Alges, and that, in view of the  deliberate character of such infringement and unfair competition, such damages be trebled;

G.      award Ducharme reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and Minnesota Statute 325D.43 - 325D.48, *et seq.;* and

H.      award such other and further relief in favor of Ducharme as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Ducharme demands trial by jury.

Dated:  April 19, 2024                           TAFT STETTINIUS & HOLLISTER LLP

                                                 By:  */s/ Karen McDaniel*
                                                      Karen McDaniel  (Minn. Atty. # 194554)
                                                      kmcdaniel@taftlaw.com
                                                      2200 IDS Center 80 South Eighth Street
                                                      Minneapolis, MN  55402-2210
                                                      Telephone:      (612) 977-8237
                                                      Facsimile:      (612) 977-8650


                                                      OF COUNSEL:
                                                      Thomas G. Pasternak
                                                      tpasternak@taftlaw.com
                                                      (*Pro Hac Vice application to be filed*)
                                                      (Illinois Bar No. 6207512)
                                                      111 E. Wacker Drive, Suite 2600
                                                      Chicago, IL  60601
                                                      Telephone:      (312) 527-4000
                                                      Facsimile:      (312) 527-4011